UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL DUDGEON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>HENRY RICHARDS,<br><br>　　　　　　　　Defendant. | No. C09-5229 FDB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for: September 18, 2009** |

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Cecil Dudgeon filed this action under 28 U.S.C. § 2254 challenging his 2003 convictions. Dkt. 3. Respondent filed a Statement of Cause for Filing Dispositive Motion in Lieu of Answer, a Motion to Dismiss in Lieu of Answer and relevant portions of the record. Dkts. 10, 10-2, and 11, with Exhibits 1 through 16. Respondent argues that the petition is untimely and barred by the statute of limitations under 28 U.S.C. § 2244(d) and Fed. R. Civ. P. 12(b)(6). Petitioner filed his Response (Dkt. 12) and Respondent filed a Reply. Dkt. 13.

After careful review of the parties' submissions, relevant portions of the state court procedural record, and the balance of the record, the undersigned agrees that Mr. Dudgeon's petition is untimely.

REPORT AND RECOMMENDATION - 1

# I. PROCEDURAL HISTORY

Mr. Dudgeon was found guilty by jury verdict on July 24, 2001 of one count of indecent liberties with forcible compulsion. Dkt. 10-2, Exh. 1. On October 22, 2001, Mr. Dudgeon was sentenced to 68 months confinement in the Washington Department of Corrections, plus an additional 36 months of community placement. *Id.*, at 6. On May 3, 2007, based upon the finding of a jury that Mr. Dudgeon was a sexually violent predator under RCW 71.09.060, the Kitsap County Superior Court entered an order of commitment. *Id.*, Exh. 2.

On July 15, 2008, Mr. Dudgeon filed a motion in the Jefferson County Superior Court to terminate his community corrections time. Dkt. 10-2, Exh. 3. Mr. Dudgeon's motion was referred by the Jefferson County Superior Court to the Washington Court of Appeals for consideration as a personal restraint petition. *Id.*, Exh. 6. The Acting Chief Judge for the Washington Court of Appeals entered an order dismissing Mr. Dudgeon's personal restraint petition. *Id.*, Exh. 7.

Mr. Dudgeon filed a petition for discretionary review in the Washington Supreme Court. *Id.*, Exh. 8. Mr. Dudgeon raised the following issues for review in his petition:

1. If the Court of Appeals framed any part of its dismissal order based on false inflammatory information regarding convictions C.D. has never had, and without addressing the merits of the case law C.D. presented in support of his petition, was the decision rendered sufficiently impartial and informed or is reversal required?

2. The Court of Appeals ruled that C.D. was premature in filing his Personal Restraint Petition, P.R.P., stating he was not serving community custody and was not under unlawful restraint. Is it unlawful to maintain the threat of a community placement restraint on an individual long after the original court adjudicated period of community placement has expired and does this decision therefore require reversal?

3. The ruling that C.D. had not yet begun to serve his term of community custody means, in plain language, that it was/is tolling during all the period of his

REPORT AND RECOMMENDATION - 2

involuntary absence from community supervision. If this is contra to settled case law, is reversal required?

*Id.*, Exh. 8, p. 1.

On March 30, 2009, the Washington Supreme Court Commissioner issued its Ruling Denying Review. *Id.*, Exh. 10. The Washington Court of Appeals entered a certificate of finality on May 21, 2009. *Id.*, Exh. 11 (Court of Appeals Cause No. 38390-0-II).

Mr. Dudgeon also filed a personal restraint petition and direct appeal addressing his status as a sexually violent predator, before and after the personal restraint petition at issue here. These filings are described in Footnote 1. For clarity, the Court refers to the personal restraint petition filed on July 15, 2008 regarding termination of community corrections time, as PRP #2.[1]

## II. EVIDENTIARY HEARING

In a proceeding instituted by the filing of a federal habeas corpus petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Under 28 U.S.C. § 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

Where a petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded. *Baja v. Ducharme*, 187 F.3d 1075, 1078-79 (9th

---

[1] On February 1, 2008, Mr. Dudgeon filed a personal restraint petition (PRP #1) in the Washington State courts regarding his status as a sexually violent predator. Dkt. 10-2, Exhs. 13 (Verified Petition) and 14 (Order Dismissing Petition). Mr. Dudgeon did not appeal the Washington Court of Appeals' decision dismissing this petition to the Washington Supreme Court. Dkt. 10-2, Exh. 15 (Cause No. 3744-6-II, Certificate of Finality). On September 5, 2008, Mr. Dudgeon filed a direct appeal of the King County Superior Court's jury finding that he was a sexually violent predator. The Court of Appeals affirmed. *State v. Dudgeon*, 146 Wn.App. 216, 189 P.3d 240 (2008). The Washington Supreme Court denied review on March 3, 2009. Dkt. 10-2, Exh. 16 ( Case No. 82071-6). Mr. Dudgeon filed a separate habeas petition in this Court based on this conviction and appeal. See *Dudgeon v. Richards,* Case No. C09-5299FDB/KLS. This federal habeas action is still pending.

REPORT AND RECOMMENDATION - 3

Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)).  On the other hand, if the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows:

>   (A)   the claim relies on--
>
>   (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (ii)   a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>   (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.28 U.S.C. § 2254(e)(2).

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).  It "is not required on issues that can be resolved by reference to the state court record." *Id*. (emphasis in original).  As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id*.; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

In this case, "[t]here is no indication from the arguments presented" by Mr. Dudgeon that an evidentiary hearing would in any way shed new light on the grounds for federal habeas corpus relief raised in his petition. See *Totten*, 137 F.2d at 1177.  The question of whether Mr. Dudgeon filed his petition within the one-year federal statute of limitations is a purely legal one that may

REPORT AND RECOMMENDATION - 4

be resolved by reference to the record before this court. Accordingly, an evidentiary hearing is not required.

### III. ISSUES FOR REVIEW

In his federal habeas petition, Mr. Dudgeon raises the following issues for review:

5.1 Whether C.D.'s Community Placement term started to run upon completion of his lawful confinement in prison and continued to run during his involuntary absence from community supervision. *Knippling, In re*, 183 P.3d 363, 2008 WL 2098055 (COA III, May 2008); *State v. Flores-Serpas*, 949 P.2d 843 (WA COA, Div. I.

5.2 Whether the state can re-initiate full punitive Department of Corrections, DOC, control and supervision of C.D. once he is released from the Washington Special Commitment Center, SCC, after having been confined therein for a period of time exceeding the original term of Community Placement as levied by the sentencing Court, and whether that punitive control and supervision can be so initiated with no new charge, warrant, arrest, conviction or further adjudication of any kind.

Dkt. 3, pp. 3-4.

### IV. DISCUSSION

**A.  The Federal Statute Of Limitations, 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). A petition for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court is untimely when it is filed more than one year after the underlying judgment becomes final. *Id*. In general, a judgment becomes final on the date that direct review of the conviction is concluded. 28 U.S.C. § 2254(d)(1); *Wixom v. Washington*, 264 F.3d 894, 896 (9th Cir. 2001). A court must resolve statute of limitations issues before resolving the merits of individual claims. The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

REPORT AND RECOMMENDATION - 5

control make it impossible to file a petition on time." *Id*. at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

>   (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

REPORT AND RECOMMENDATION - 6

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

Mr. Dudgeon filed his habeas corpus petition in this Court on April 17, 2009, the date he signed his petition. Dkt. 3, p. 14. Respondent argues that Mr. Dudgeon's petition is not timely because Mr. Dudgeon became aware on October 22, 2001, the date he was sentenced, that he would serve a 36 month term of community placement. Dkt. 10-2, Exh. 1, p. 6. Mr. Dudgeon completed serving the confinement portion of his criminal sentence on July 7, 2005 and was then transferred pending civil commitment. *Id.*, Exh. 12.

Respondent argues that July 7, 2005 is the date the federal statute of limitations under 28 U.S.C. § 2244(d)(1)(D) began to run, "especially when Mr. Dudgeon's first habeas claim is considered: 'Whether C.D.'s Community Placement term <u>started to run upon completion of his lawful confinement in prison</u> and continued to run during his involuntary absence from community supervision.'" Dkt. 10, p. 5 (citing Dkt. 3, p. 3 (emphasis added)).

Alternatively, Respondent argues that once Mr. Dudgeon was civilly committed as a sexual predator by the Kitsap County Superior Court on May 3, 2007, he was certainly aware of the factual predicate of both of his habeas claims. Dkt. 10, p. 6. Mr. Dudgeon filed PRP #2 on July 15, 2008. Dkt. 10-2, Exh. 3. However, even if the Court assumes that the federal statute of limitations under 28 U.S.C. 2244(d)(1)(D) did not begin to run until May 3, 2007, the date that Mr. Dudgeon was civilly committed as a sexually violent predator, it would have continued to run in an uninterrupted fashion until May 4, 2008. By the time Mr. Dudgeon filed PRP#2 in the

REPORT AND RECOMMENDATION - 7

Washington State courts on July 15, 2008, the one-year federal statute of limitations period had already expired. Therefore, under either date, Respondent contends that Mr. Dudgeon's federal habeas petition is time-barred based on 28 U.S.C. § 2244(d)(1)(D).

Mr. Dudgeon counters that his federal petition is not time barred for four reasons. First, he argues that filed his petition just eighteen days after discretionary review of his State court petition was denied by the Washington Supreme Court on March 30, 2009. Dkt. 12, p. 5. Thus, his federal petition was filed well within the one year time limit imposed by 28 U.S.C. § 2255. *Id.* Second, Mr. Dudgeon argues that he acted promptly after becoming aware of case law, *In Re Knippling,* 144 Wn. App. 639, 183 P.3d 365 (2008), which confirmed a factual predicate of his habeas claim. *Id.,* pp. 5-6. Third, Mr. Dudgeon argues that because he has been confined for having a "sexual mental abnormality," he should be treated similarly to prisoners who receive credits against their sentences for time spent receiving mental health treatment. *Id., pp. 6-7.* Finally, Mr. Dudgeon argues that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he properly filed an application for state post-conviction or other collateral review that should not be counted toward the federal statute of limitations. *Id.*, p. 8.

### 1. Calculation of the Federal Statute of Limitations

Mr. Dudgeon filed his federal habeas petition in this Court just eighteen days after discretionary review was denied by the Washington Supreme Court on March 30, 2009. Dkt. 12, p. 5. Thus, he argues, his federal petition was filed well within the one year time limit imposed by 28 U.S.C. § 2255. *Id.*

Respondent argues that the federal statute of limitations under 28 U.S.C. 2244(d)(1)(D) had already expired by the time Mr. Dudgeon filed PRP#2. See Dkt. 10-2, Exh. 3.[2] Thus, the filing of PRP #2 on July 15, 2008 had no effect on the federal statute of limitations.

Under 28 U.S.C. § 2244(d)(2), direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

The record reflects that Mr. Dudgeon was sentenced on October 22, 2001 to a term of prison and community placement. Dkt. 10-2, Exh. 1, p. 6. He did not appeal this conviction. Mr. Dudgeon completed serving the confinement portion of his criminal sentence on July 7, 2005, when he was transferred pending civil commitment. *Id.*, Exh. 12, p. 6. On May 3, 2007, a

---

[2] As noted above, Mr. Dudgeon's July 15, 2008 motion for termination of community corrections time was referred to the Washington Court of Appeals for consideration as a personal restraint petition. Dkt. 10-2, Exh. 6.

REPORT AND RECOMMENDATION - 9

jury found that Mr. Dudgeon was a sexually violent predator and based on that finding, the Kitsap County Superior Court entered an order of commitment on May 3, 2007. *Id.*, Exh. 2.

Even assuming that the federal statute of limitations did not begin to run until the later of these two dates, when Mr. Dudgeon was civilly committed, Mr. Dudgeon had one year from May 3, 2007, when he was civilly committed, and excluding anytime during which a state post-conviction case was pending, to file a federal habeas corpus petition. Mr. Dudgeon did not file his PRP #2 in the Washington courts regarding his claim that his community corrections time should not be tolled during the time of his civil commitment at SCC until July 15, 2008. Dkt. 10-2, Exh. 3. (As noted in footnote 1 above, Mr. Dudgeon filed a direct appeal of the jury's finding that he was a sexually violent predator and a PRP #1 addressing his status that he was a sexually violent predator. See Dkt. 10-2, Exh. 13; *State v. Dudgeon*, 146 Wn. App. 216, 217 (2008) However, these filings are unrelated to his community corrections time claim).

Therefore, Respondent is correct that the Washington Supreme Court's ruling denying review of his claim on March 30, 2009, is irrelevant in determining whether Mr. Dudgeon's federal habeas petition is time-barred. Tolling based on pending collateral proceedings does not apply under the circumstances of this case. In other words, the statute of limitations for filing a federal petition had already expired before Mr. Dudgeon filed his state post-conviction proceeding regarding his claim that his community corrections time should not be tolled. In order to be timely, he had until May 4, 2008 to file his petition. As noted above, he filed his petition in this proceeding on April 17, 2009. Thus, the petition was not filed within the limitations period of 28 U.S.C. § 2244(d).

## 2. Factual Predicate of Claim Discovered Through Due Diligence

Mr. Dudgeon argues that 28 U.S.C. 2244(d)(1)(D) is also applicable to the filing of his claim. Under that subsection, the one year statute of limitations does not begin to run until the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Mr. Dudgeon states he discovered a recent decision, *In Re Knippling,* 144 Wn. App. 639, 183 P.3d 365 (2008), which clearly establishes the governing principles giving certainty to his long held belief that "community placement time should not toll while [petitioner is] in involuntary civil detention." Dkt. 12, p. 6. Mr. Dudgeon states that he acted promptly after learning about the *Knippling* decision, filing PRP #2 only two months later, in July 2008. *Id.*

At the time of Mr. Dudgeon's civil commitment on May 3, 2007, Washington law on this issue, since at least 1993, supported the conclusion that Mr. Dudgeon's term of community custody is tolled during his confinement as a sexually violent predator. See former RCW 9.94A.170(3) (1993), recodified as § 9.94A.625 by Laws 2001, ch. 10, § 6, (community custody tolled during any period of time offender is in confinement for any reason); *In re Det. of Capello*, 114 Wn. App. 739, 753-54, 60 P.3d 620 (2002) (commitment as sexually violent predator after completion of prison sentence tolls any term of community supervision).

Mr. Dudgeon also relied on *State v. Flores-Serpas*, 89 Wn.App. 521, 949 P.2d 843 (1998), in support of his habeas claim in state court that his community placement term started to run upon completion of his prison term and was not tolled during his involuntary commitment as a sexually violent predator. See Dkt. 10-2, Exh. 3. However, *Flores-Serpas* involved a different tolling provision (former RCW 9.94A.170(2) (1993), and the court there held that the petitioner had not voluntarily "absented himself" as understood under the language of the tolling statute

REPORT AND RECOMMENDATION - 11

because he had been arrested and deported by the United States Immigration & Naturalization Service (INS). *Flores-Serpas*, 89 Wn. App. at 524.

*Knippling* was decided ten years later, but it simply stands for the proposition that community custody begins upon completion of the term of confinement. *Knippling*, 144 Wn.App. at 642-43. It does not address the tolling of community custody once it has begun.

Accordingly, this Court does not agree that 28 U.S.C. 2244(d)(1)(D) is applicable.

### 3. Mental Health Treatment As Credit Against Community Placement

Mr. Dudgeon also argues that the confinement of detainees of the SCC should count against their sentences and community placement time and/or custody, if applicable, as part of their original sentences, because detainees at SCC have been confined under the "criteria of having a sexual mental abnormality and an event in the past deemed to be one of sexual violence," within the criteria defined in, *In the Matter of Knapp*, 102 Wn.2d 466, 687 P.2d 1145 (1984).

In *Knapp*, the Washington Supreme Court reviewed an equal protection claim brought after distinctions in treatment accorded defendants confined in a state mental hospital during their criminal convictions resulted in one defendant, committed pursuant to a finding of sexual psychopathy, received a credit against his sentence and another, found in need of mental health for another reason, was not granted a credit against his sentence.[3] *Knapp,* 687 P.2d at 147-1148.

---

[3]As noted in *Knapp*, if a person convicted of a crime and incarcerated in a correctional facility or institution is determined to be in need of mental health assistance, he can be "transferred or moved for observation, diagnosis or treatment to any state institution or facility for the care of the mentally ill ...". RCW 72.68.031. Once transferred, both his mandatory maximum and discretionary minimum terms will continue to run during the period he is detained or confined at that mental health facility. RCW 72.68.031. Additionally, the Legislature has determined that after a person is committed to a state hospital pursuant to a determination of sexual psychopathy, all time in the state hospital shall count as part of his sentence. RCW 71.06.120. *Knapp*, 687 P.2d 1145, 1150 (1984).

REPORT AND RECOMMENDATION - 12

The Washington Supreme Court held that because the Washington legislature specifically recognized that certain defendants should receive credit for time spent in treatment against their sentence, the equal protection clause mandates that all defendants who spend time confined in state mental hospitals pursuant to a conviction should receive credit for such time against their sentence and any disparity in treatment between probationers who had spent time in jail, who are entitled to have such time credited against their sentence, and convicted defendants confined in state hospitals for mental health treatment during probation, who did not receive credit for such time, is not justified by a substantial state interest, and thus, equal protection clause mandates that all defendants confined at state institutions receive credit for such confinement against all aspects of their prison sentences. *Id.* at 1151-52.

The *Knapp* Court did not address whether defendants who are civilly committed as sexually violent predators after completion of their prison terms are entitled to receive credit for such time against a term of community supervision. Nor did the *Knapp* Court address the tolling of community custody once it has begun.

This Court does not agree with Mr. Dudgeon's novel argument that SCC detainees are "similarly situated" to those in *Knapp* or that their confinement at SCC should be counted against their community placement custody.

**4.    Statutory Tolling Under 28 U.S.C. § 2244(d)(2)**

Mr. Dudgeon states that he has diligently pursued his claims since completing the confinement portion of his criminal sentence on May 23, 2005, including the filing of pre-trial motions and hearings, trial and direct appeal (citing to WN. COA No. 36273-2-II) and Request for Discretionary Review (Wn.S.Ct. No. 82630-7). Mr. Dudgeon relies on *Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005) for the proposition that he is entitled to statutory tolling under 28

REPORT AND RECOMMENDATION - 13

U.S.C. § 2244(d)(2) because he properly filed an application for state post-conviction or other collateral review that should not be counted toward the federal statute of limitations. Dkt. 12, p. 7.

28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect *to the pertinent judgment or claim is pending* shall not be counted toward any period of limitation under this subsection. (Emphasis added.) As noted above, Mr. Dudgeon's present habeas claims that his community supervision time should not be tolled during the time he is civilly committed at SCC were not raised in PRP #1 or in his direct appeal challenging the King County Superior Court's finding that he was a sexually violent predator. See Dkt. 10-2, Exh. 13; *State v. Dudgeon*, 146 Wn. App. 216, 217 (2008).[4] Thus, tolling based on pending collateral proceedings does not apply under the circumstances of this case.

Because neither Mr. Dudgeon's direct appeal nor PRP#1 raised the federal habeas claims now before this Court, he is not entitled to statutory tolling of the federal statute of limitations in his case based on either of those state court actions.[5]

**B.     Equitable Tolling**

Equitable tolling under AEDPA is only appropriate where extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc).

---

[4] As noted above, Mr. Dudgeon has a separate, pending federal habeas petition relating to the King County Superior Court's jury finding that he was a sexually violent predator. See *Dudgeon v. Richards*, C09-5299FDB.

[5] Mr. Dudgeon's motion to terminate community corrections time, PRP #2 (Dkt. 10-2, Exh. 3) clearly raised his current habeas claims. However, as noted above, by the time Mr. Dudgeon filed the motion to terminate in Superior Court on July 15, 2008, the one-year federal statute of limitations had already expired on May 4, 2008.

REPORT AND RECOMMENDATION - 14

"External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

To equitably toll AEDPA's one-year statute of lmitations, "[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quotation marks and citations omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation omitted).

There are no grounds for equitable tolling in this case. There is no evidence of conduct by the Respondent that impeded Mr. Dudgeon's ability to prepare and file his federal petition in a prompt fashion. There is no evidence of circumstances, such as a lack of clarity in the law or legal unavailability of claims preventing Mr. Dudgeon from filing his habeas petition in a prompt fashion.

Accordingly, Mr. Dudgeon's federal habeas petition is barred and must be dismissed under 28 U.S.C. § 2244(d) .

## V.  CONCLUSION

Even if this Court assumes that the federal statute of limitations under 28 U.S.C. 2244(d)(1)(D) did not begin to run until May 3, 2007, the date that Mr. Dudgeon was civilly committed as a sexually violent predator, it would have continued to run in an uninterrupted fashion until May 4, 2008. By the time Mr. Dudgeon filed PRP # 2 regarding termination of his community corrections time in the Washington State courts on July 15, 2008, the one-year

REPORT AND RECOMMENDATION - 15

federal statute of limitations period had already expired. Therefore, tolling based on pending collateral proceedings does not apply under the circumstances of this case. In order to be timely, he had until May 4, 2008 to file his petition. However, as he filed his petition in this proceeding on April 17, 2009, the petition was not filed within the limitations period of 28 U.S.C. § 2244(d). Therefore, Mr. Dudgeon's federal habeas petition is time-barred based on 28 U.S.C. § 2244(d)(1)(D) and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 18, 2009**, as noted in the caption.

DATED this 21st day of August, 2009.

Karen L. Strombom
United States Magistrate Judge